1  TARA K. MCGRATH
   United States Attorney
2  KIRIAKI GRAMMENIDIS
3  Assistant U.S. Attorney
   Ohio Bar No. 0098984
4  Office of the U.S. Attorney
5  880 Front Street, Room 6293
   San Diego, CA 92101
6  Tel: (619) 546-8836
7  Email: Kiriaki.Grammenidis@usdoj.gov

8  Attorneys for the United States
9

10              **UNITED STATES DISTRICT COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  UNITED STATES OF AMERICA,          ) Case No.:  23cr0823-LL
                                       )
14          Plaintiff,                 ) RESPONSE OF THE UNITED
                                       ) STATES TO DEFENDANT'S
15                                     ) MOTIONS:
        v.                             )
16                                     )   (1) TO COMPEL DISCOVERY;
                                       )   (2) TO PRESERVE EVIDENCE;
17  RAMON ANGUIANO JIMENEZ,            )       AND
                                       )   (3) FOR LEAVE TO FILE
18  CRISTINA GUTIERREZ, and            )       FURTHER MOTIONS
                                       )
19  LUXIMENA ANGUIANO,                 ) REQUEST FOR RECIPROCAL
                                       ) DISCOVERY
20          Defendants.                )
                                       )
21                                     )
                                       )
22                                     )
                                       )
23

24      The United States hereby responds to the above motions and requests

25  reciprocal discovery.

26  / /

27  / /

1

# I.

# STATEMENT OF FACTS

The United States incorporates by reference the Probable Cause Statement filed with the Criminal Complaint as its statement of facts.  ECF 1. Defendants filed motions to compel discovery, to preserve evidence, and for leave to file further motions.  ECF 37, 38, 42. These responses follow.

# II.

# RESPONSE TO MOTION TO COMPEL

The United States will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, 18 U.S.C. § 3500 et. seq., and FED. R. CRIM. PRO. 16.   Given the position of the United States concerning discovery, the United States respectfully requests that the Court not issue any orders compelling specific discovery or preserving evidence from the United States at this time.

**1.** **The Government Has Disclosed Or Will Disclose Information Subject To Disclosure Under The Federal Rules of Criminal Procedure And Evidence**

   a)   The Government Will Comply With FED. R. CRIM. P. 16(a)(1)(A) and 16(a)(1)(B)

The Government has complied, and will continue to comply, with FED. R. CRIM. P. 16(a)(1)(A) and 16(a)(1)(B) by providing all of defendant's statements that are known to the United States.  The United States recognizes its obligations under Rule 16(a)(1)(A) to disclose the "substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial."  FED. R. CRIM. P. 16(a)(1)(A).  If additional reports by law

1  enforcement agents come to light, the United States will supplement its discovery

2  and provide those reports to defendant.

3  　　　The Government objects, however, to providing defendant with a copy of any

4  handwritten notes of government agents summarizing oral statements made by

5  defendant.  Rule 16(a)(1)(A) does not require disclosure of such rough notes where

6  the content of those notes has been accurately reflected in a type-written report.  See

7  United States v. Brown, 303 F.3d 582, 590 (5th Cir.2002); United States v. Coe,

8  220 F.3d 573, 583 (7th Cir.2000) (Rule 16(a)(1)(A) does not require disclosure of

9  an agent's notes even where there are "minor discrepancies" between the notes and

10  a report).

11  　　　The United States also objects to any request for the production of any rough

12  notes because they are not "statements" within the meaning of the Jencks Act unless

13  they comprise both a substantially verbatim narrative of a witness's assertions and

14  they have been approved or adopted by the witness.  See United States v. Alvarez,

15  86 F.3d 901, 906 (9th Cir.1996); United States v. Bobadilla-Lopez, 954 F.2d 519

16  (9th Cir.1992).  Moreover, the production of agents' notes is not required under

17  Rule 16 because the United States has already provided, or will shortly provide,

18  "defendant with copies of the formal interview reports prepared therefrom." United

19  States v. Griffin, 659 F.2d 932, 941 (9th Cir. 1981).  Finally, the United States

20  considers the rough notes of its agents to be work product, which FED. R. CRIM. P.

21  16(a)(2) specifically exempts from disclosure.

22  　　　　　b)  The Government Will Comply With Rule 16(a)(1)(D)

23  　　　The United States has disclosed the information it has regarding defendant's

24  criminal history, as contained in criminal rap sheet summaries.  Should the United

25  States receive additional information regarding the defendant's criminal history, it

26  will disclose such records as well.  See FED. R. CRIM. P. 16(a)(1)(D).

27  　　　　　c)  The Government Will Comply With Rule 16(a)(1)(F)

1      The United States has complied and will continue to comply with FED. R.

2  CRIM. P. 16(a)(1)(F) in permitting defendant to inspect and copy or photograph any

3  results or reports of physical or mental examinations, and of scientific tests or

4  experiments, or copies thereof, that are within the possession of the Government,

5  and by the exercise of due diligence may become known to the attorney for the

6  Government and are material to the preparation of the defense or are intended for

7  use by the Government as evidence-in-chief.  To the extent that defendant's request

8  is beyond the scope of Rule 16(a)(1)(F)  and applicable case law, the United States

9  objects.

10         d)  The Government Will Comply With Rule 16(a)(1)(G)

11      Pursuant to FED. R. CRIM. P. 16(a)(1)(G), at or about the time of filing its trial

12  memorandum, the Government will provide the defense with notice of any expert

13  witnesses the testimony of whom the Government intends to use under Rules 702,

14  703, or 705 of the Federal Rules of Evidence in its case-in-chief.  Such notice will

15  describe the witnesses' opinions, the bases and the reasons therefor, and the

16  witnesses' qualifications.  The Government requests that the defense provide

17  reciprocal notice of its expert witnesses pursuant to FED. R. CRIM. P. 16(b)(1)(C).

18         e)  The Government Will Comply With Rules of Evidence 404(b) and

19            609

20      The United States will comply with its obligations under FED. R. EVID. 404(b)

21  and 609.  Pursuant to Rules 404(b) and 609, the United States will provide

22  defendant with reasonable notice before trial of the general nature of the evidence

23  of any extrinsic acts that it intends to use at trial.  See FED. R. EVID. 404(b), advisory

24  committee's note ("[T]he Committee opted for a generalized notice provision which

25  requires the prosecution to appraise the defense of the general nature of the evidence

26  of extrinsic acts.  The Committee does not intend that the amendment will supersede

27  other rules of admissibility or disclosure[.]").

1
2

       f)  <u>The Government Does Not Believe It Has an Obligation to Produce Training and Training Materials</u>

3       The United States will comply with its discovery obligations, but it does not

4 believe it needs to produce training and training materials requested by Defendant.

5 Criminal Rule 16(a)(1)(E), requires the government to permit defendant to inspect

6 and to copy or photograph "books, papers, documents," etc., at the defendant's

7 request, if the item is within the government's possession, and if "item is material

8 to preparing the defense, the government intends to use the item in its case-in-chief

9 at trial, or the item was obtained from or belongs to the defendant." Defendant has

10 not provided any explanation as to why that would be material to his request. The

11 standard for disclosure is materiality. <u>United States v. Gardner</u>, 611 F.2d 770, 774-

12 75 (9th Cir. 1980). "Evidence is material under Brady only if there is a reasonable

13 probability that the result of the proceeding would have been different had it been

14 disclosed to the defense." <u>United States v. Antonakeas</u>, 255 F.3d 714, 725 (9th Cir.

15 2001); <u>see also United States v. Ward</u>, No. 4:19-CR-00101-DCN, 2021 WL

16 738825, at *5 (D. Idaho Feb. 25, 2021)(court held that Defendant failed to show the

17 materiality of law enforcement policies and denied the discovery request).

18
19

    **2.**   **<u>The Government Will Comply with Its Obligations Under Brady v. Maryland and Giglio v. United States</u>**

20       The United States has complied, and will continue to comply, with its

21 obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United</u>

22 <u>States</u>, 405 U.S. 150 (1972).  Under <u>Brady</u>, the United States must disclose material

23 exculpatory information or evidence favorable to the defendant when such evidence

24 is material to guilt or punishment.  However, the United States does not need to

25 disclose "every bit of information that might affect the jury's decision."  <u>United</u>

26 <u>States v. Gardner</u>, 611 F.2d 770, 774-75 (9th Cir. 1980).  The standard for disclosure

27 is materiality.  <u>Id</u>.  "Evidence is material under <u>Brady</u> only if there is a reasonable

1  probability that the result of the proceeding would have been different had it been

2  disclosed to the defense." United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir.

3  2001).

4          The United States recognizes that its obligation under Brady covers not only

5  exculpatory evidence, but also evidence that could be used to impeach witnesses

6  who testify on behalf of the United States.  See Giglio, 405 U.S. at 154; see also

7  United States v. Bagley, 473 U.S. 667, 676-77 (1985).  The United States recognizes

8  its obligation to provide information related to the bias, prejudice or other

9  motivation of its trial witnesses as mandated in Napue v. Illinois, 360 U.S. 264

10 (1959).   The United States will provide such impeachment material in its

11 possession, if any exists, at the time it files its trial memorandum, although it is not

12 required to produce such material until after its witnesses have testified at trial or at

13 a hearing. See United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979).

14         The United States objects to any argument to disclose information affecting

15 defendant's sentencing guidelines because such information is discoverable under

16 Brady v. Maryland, 373 U.S. 83 (1963).  The United States respectfully disagrees.

17 The United States is not obligated under Brady to furnish a defendant with

18 information which he already knows.  See United States v. Taylor, 802 F.2d 1108,

19 1118 n.5 (9th Cir.1986).  Brady is a rule of disclosure, and therefore, there can be

20 no violation of Brady if the evidence is already known to defendant.  In such case,

21 the United States has not suppressed the evidence and consequently has no Brady

22 obligation.  See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir.1987).

23         But even assuming defendant does not already possess the information about

24 factors which might affect his guideline range, the United States would not be

25 required to provide information bearing on defendant's mitigation of punishment

26 until after defendant's conviction or plea of guilty and prior to his sentencing date.

27 See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir.1988) ("No [Brady]

1  violation occurs if the evidence is disclosed to the defendant at a time when the

2  disclosure remains in value.").

3  **3.    Discovery Regarding Government Witnesses**

4  a) Agreements

5  The Government will disclose the terms of any agreements by Government

6  agents, employees, or attorneys with witnesses that testify at trial. Such information

7  will be provided at or before the time of the filing of the Government's trial

8  memorandum.

9  b) Bias or Prejudice

10  As discussed above, the United States will comply with its obligations to

11  disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

12  The United States recognizes its obligation to provide information related to the

13  bias, prejudice or other motivation of its trial witnesses as mandated in Napue v.

14  Illinois, 360 U.S. 264 (1959).  The United States will provide such impeachment

15  material in its possession, if any exists, at the time it files its trial memorandum,

16  although it is not required to produce such material until after its witnesses have

17  testified at trial or at a hearing.  See United States v. Bernard, 623 F.2d 551, 556

18  (9th Cir. 1979).

19  c) Criminal Investigations

20  The United States would object to any overbroad request for evidence of

21  criminal investigations by federal, state, or local authorities into prospective

22  Government witnesses. The United States is unaware of any rule of discovery or

23  Ninth Circuit precedent that entitles defendant to any and all evidence that a

24  prospective Government witness is under investigation by federal, state or local

25  authorities. Defendant's reliance upon the holding in United States v. Chitty  to

26  support his request for this evidence is misplaced. United States v. Chitty, 760 F.2d

27  425 (2d Cir.1985). Chitty addressed the failure of the United States to turn over

1 information that a government witness *had been told* that he was the subject of a

2 criminal investigation. That notice provided a possible motive to testify favorably

3 on behalf of the government, and was disclosable under <u>Giglio</u>. *Id*. at 428. Nothing

4 in <u>Chitty</u> stands for the proposition that the mere existence of a criminal

5 investigation pertaining to a witness requires automatic disclosure.  Moreover, as

6 discussed above, the United States has no obligation to disclose information not

7 within the possession, custody or control of the prosecution team in this matter. <u>See</u>

8 <u>United States v. Gatto</u>, 763 F.2d 1040, 1048 (9th Cir.1985); <u>United States v.</u>

9 <u>Aichele</u>, 941 F.2d 761, 764 (9th Cir.1991) (California state prisoner's files outside

10 of federal prosecutor's possession); <u>United States v. Chavez-Vernaza</u>, 844 F.2d

11 1368, 1375 (9th Cir.1987) (holding the federal government had no duty to obtain

12 from state officials documents of which it was aware but over which it had no actual

13 control); <u>cf</u>. <u>Beaver v. United States</u>, 351 F.2d 507 (9th Cir.1965) (Jencks Act refers

14 to "any statement" of a witness produced by United States which is in possession

15 of United States and does not apply to a recording in possession of state authorities).

16      The United States recognizes and will comply with its obligations under the

17 rules of discovery and Ninth Circuit precedent to disclose exculpatory and

18 impeachment information. The United States also recognizes its obligation to

19 provide information—if any exists—related to the bias, prejudice or other

20 motivation of its trial witnesses, as mandated in <u>Napue v. Illinois</u>, 360 U.S. 264

21 (1959), when it files its trial memorandum.

22           d)  <u>Ability to Perceive</u>

23      The Government will turn over evidence within its possession which could

24 be used to properly impeach a witness who has been called to testify.

25           e)  <u>Witness Names and Addresses</u>

26      The United States has already provided the defendant with the reports that

27 contain the names of agents involved in the apprehension and interviews of the

1  defendant.  Although not required in non-capital cases, in its trial memorandum, the

2  United States will provide the defendant with a list of all witnesses whom it intends

3  to call in its case-in-chief.  While the United States will agree to disclose a list of

4  its witnesses in its trial memorandum, it objects to the disclosure of witnesses'

5  addresses.  United States v. Paseur, 501 F.2d 966, 972 (9th Cir.1974) ("A defendant

6  is not entitled as a matter of right to the name and address of any witness."); see

7  also United States v. Armstrong, 621 F.2d 951, 1954 (9th Cir.1980); United States

8  v. Jones, 612 F.2d 453 (9th Cir. 1979) (holding no right to pretrial disclosure of the

9  identity of Government witnesses).

10      f)  Witnesses Not to Be Called

11      The Government is not required to disclose all evidence it has or to make an

12  accounting to defendant of the investigative work it has performed.  See Moore v.

13  Illinois, 408 U.S. 786, 795 (1972); United States v. Gardner, 611 F.2d 770, 774-775

14  (9th Cir.1980).  The Government accordingly objects to any request by defendant

15  for discovery concerning any individuals whom the Government does not intend to

16  call as witnesses.

17      g)  Favorable Witnesses

18      The Government has disclosed or will disclose the names of witnesses, if any,

19  who have made favorable statements concerning defendant which meet the

20  requirements of Brady.

21      h)  Henthorn Material

22      The United States will continue to comply with United States v. Henthorn,

23  931 F.2d 29 (9th Cir. 1991), by requesting that all federal agencies involved in the

24  criminal investigation and prosecution review the personnel files of the federal law

25  enforcement inspectors, officers, and special agents whom the United States intends

26  to call at trial and disclose information favorable to the defense that meets the

27  appropriate standard of materiality.  See United States v. Booth, 309 F.3d 566, 574

1   (9th Cir. 2002).  If the materiality of incriminating information in the personnel files

2   is in doubt, the information will be submitted ex parte to the Court for an in camera

3   inspection and review.  To the extent that defendant requests that the specific

4   prosecutor in this case review the personnel files, that request is unwarranted and

5   unnecessary.  Henthorn expressly provides that it is the "government," not the

6   prosecutor, which must review the personnel files.  Henthorn, 931 F.2d at 30-31.

7   Accordingly, the United States will utilize its typical practice for review of these

8   files, which involves requesting designated representatives of the relevant agencies

9   to conduct the reviews.  The United States opposes any request for an order that the

10   prosecutor personally review the personnel files.

11           i)  Statements Relevant to the Defense

12         The United States will comply with all of its discovery obligations.  The

13   Ninth Circuit's decision in United States v. Bailleaux, 685 F.2d 1105 (9th

14   Cir.1982), applies to a "statement made by the defendant that may be relevant to

15   any possible defense or contention that the defendant might assert."  Id. at 1114

16   (emphasis added).

17           j)  Jencks Act Material

18         The United States will fully comply with its discovery obligations under the

19   Jencks Act.  For purposes of the Jencks Act, a "statement" is (1) a written statement

20   made by the witness and signed or otherwise adopted or approved by him, (2) a

21   substantially verbatim, contemporaneously recorded transcription of the witness'

22   oral statement, or (3) a statement by the witness before a grand jury.  See 18 U.S.C.

23   § 3500(e).  Notes of an interview only constitute statements discoverable under the

24   Jencks Act if the statements are adopted by the witness, as when the notes are read

25   back to a witness to see whether or not the Government agent correctly understood

26   what the witness said.  See United States v. Boshell, 952 F.2d 1101, 1105 (9th

27   Cir.1991).  In addition, rough notes by a Government agent "are not producible

1  under the Jencks Act due to the incomplete nature of the notes." United States v.

2  Cedano-Arellano, 332 F.3d 568, 571 (9th Cir.2004).

3        Production of this material need only occur after the witness making the

4  statements testifies on direct examination. See United States v. Robertson, 15 F.3d

5  862, 873 (9th Cir.1994). Indeed, even material that is potentially exculpatory (and

6  therefore subject to disclosure under Brady) need not be revealed until such time as

7  the witness testifies on direct examination if such material is contained in a

8  witness's Jencks Act statements. See United States v. Bernard, 623 F.2d 551, 556

9  (9th Cir. 1979). Accordingly, although the United States anticipates providing

10  most, if not all, Jencks material well in advance of trial, it reserves the right to

11  withhold Jencks statements of any particular witness it deems necessary until after

12  the witness testifies.

13        k) Informants and Cooperating Witnesses

14        Disclosure of an informant's identity is required only where disclosure would

15  be relevant to the defense or is essential to a fair determination of a cause. See

16  Roviaro v. United States, 353 U.S. 52, 60-61 (1957). There is no automatic right

17  to pretrial discovery of information regarding informants and prospective

18  government witnesses. See United States v. Jones, 612 F.2d 453 (9th Cir. 1979).

19  At this time, however, the United States is unaware of any informants or

20  cooperating witnesses in this matter.

21  **III.**

22  **RESPONSE TO REQUEST FOR PRESERVATION OF EVIDENCE**

23        The United States has already requested preservation of all evidence in this

24  case. The United States requests that Defendant make a more particularized request

25  for preservation. Given the efforts the United States has taken to preserve evidence

26  in this case, no independent order is required.

27

**IV.**

**RESPONSE TO MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not oppose the filing of additional motions so long as those motions are based upon newly-produced discovery or newly-obtained evidence and the United States is given an opportunity to respond.

**V.**

**REQUEST FOR RECIPROCAL DISCOVERY**

The United States hereby requests reciprocal discovery from the defense, pursuant to FRCP 16(b). The United States is entitled to discover from Defendant any books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items, that are in Defendant's possession, custody, or control and which Defendant intends to use in Defendant's case in chief. *See* Fed. R. Crim. P. 16(b)(l)(A).

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence in chief at the trial, or which were prepared by a person whom Defendant intends to call as a witness. Because the United States will comply with Defendant's requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests a written summary of the names, anticipated testimony, and bases for opinions of experts Defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery that it is entitled. Rule 26.2 requires the production of prior statements of

all witnesses, except Defendant's. The Rule thus provides for the reciprocal production of Jencks statements. The time frame established by the Rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including, but not limited to, tape recordings, handwritten or typed notes, or reports.

## VI.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant's motion be denied where opposed.


DATED:     October 23, 2023


                                        Respectfully submitted,


                                        TARA K. MCGRATH
                                        United States Attorney


                                        */s/ Kiriaki Grammenidis*
                                        KIRIAKI GRAMMENIDIS
                                        Assistant U. S. Attorney
                                        DANIELLE L. HICKMAN
                                        Trial Attorney